Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Christopher James Ivester |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF UTAH |
| Case number: | 25-20424 |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1   Debtor(s) will make regular payments to the trustee as follows:**

$26,000.00 per Month for 36 months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2   Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

Debtor  Christopher James Ivester  Case number  25-20424

- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

- [x] Debtor(s) will treat income refunds as follows:
For the next three tax years of 2024, 2025 and 2026, the Debtors shall pay into the Plan the net total amount of yearly state and federal tax refunds that exceed $1,000 for each of the tax years identified in such section. If in an applicable tax year, the Debtors receive an Earned Income Tax Credit ("EIC") and/or an Additional Child Tax Credit ("ACTC") on their federal tax return, the Debtors may retain up to a maximum of $2,000 in tax refunds for such year based on a combination of the $1,000 allowed above plus the amount of the EIC and/or ACTC credits up to an additional $1,000. On or before April 30 of each applicable tax year, the Debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. The Debtors shall pay required tax refunds to the Trustee no later than June 30 of each such year. However, the Debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority. Tax refunds paid into the Plan may reduce the plan term to no less than the Applicable Commitment Period, but in no event, shall the amount paid into the Plan be less than thirty-six (36) Plan Payments plus all annual tax refunds required to be paid into the plan.

**2.4 Additional payments.**
*Check one.*
- [x] **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $1,559,999.31.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
- [ ] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- [x] The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Bonnie Peterson | 19263 West 500 South Duchesne, UT 84021 Duchesne County | $976.00<br>Disbursed by:<br>[ ] Trustee<br>[x] Debtor(s) | Prepetition: $0.00 | 0.00% | pro rata | $0.00 |
| Utah Housing Corporation | 5161 South Hwy 87 Duchesne, UT 84021 Duchesne County | $867.00<br>Disbursed by:<br>[ ] Trustee<br>[x] Debtor(s) | Prepetition: $0.00 | 0.00% | pro rata | $0.00 |
| Utah Housing Corporation | 5161 South Hwy 87 Duchesne, UT 84021 Duchesne County | $42.00 | Prepetition: $0.00 | 0.00% | pro rata | $0.00 |

Debtor   Christopher James Ivester       Case number   25-20424

Disbursed by:
☐ Trustee
☑ Debtor(s)

*Insert additional claims as needed.*

**3.2   Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Allegiant Partners, Inc | $90,000.00 | 2024 Dyna SC16 Rapid Split | $80,000.00 | $0.00 | $80,000.00 | 7.50% | $1,604.00 | $96,170.09 |
| Allegiant Partners, Inc | $25,000.00 | 2018 Ram 2500 | $20,000.00 | $0.00 | $20,000.00 | 7.50% | $401.00 | $24,042.47 |
| Allegiant Partners, Inc | $45,000.00 | 2021 Ram 4500 | $45,000.00 | $0.00 | $45,000.00 | 7.50% | $902.00 | $54,098.84 |
| Allegiant Partners, Inc | $75,000.00 | 2022 Ram 5500 | $60,000.00 | $0.00 | $60,000.00 | 7.50% | $1,203.00 | $72,127.57 |
| Allegiant Partners, Inc | $55,000.00 | 2022 Bobcat L85 | $50,000.00 | $0.00 | $50,000.00 | 7.50% | $1,002.00 | $60,112.55 |
| American United Federal Credit Union | $10,554.00 | 2021 Jeep Grand Chreokee | $25,000.00 | $0.00 | $10,554.00 | 7.50% | $212.00 | $12,682.30 |
| Blue Bridge Financial | $75,000.00 | 2012 John Deere 2154D | $55,000.00 | $0.00 | $55,000.00 | 7.50% | $1,103.00 | $66,113.81 |
| Blue Bridge Financial | $77,000.00 | 2005 Timbco 445 EXL | $70,000.00 | $0.00 | $70,000.00 | 7.50% | $1,403.00 | $84,155.08 |
| Blue Bridge Financial | $52,000.00 | 2007 John Deere 748GIII | $40,000.00 | $0.00 | $40,000.00 | 7.50% | $802.00 | $48,085.07 |

Official Form 113   Chapter 13 Plan   Page 3

Debtor    Christopher James Ivester    Case number    25-20424

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Financial Pacific Leasing, Inc | $15,000.00 | 1991 Hitachi 270LC Log Loader | $20,000.00 | $0.00 | $15,000.00 | 7.50% | $301.00 | $18,028.75 |
| Financial Pacific Leasing, Inc | $5,000.00 | 1976 Prentice 600B | $5,000.00 | $0.00 | $5,000.00 | 7.50% | $101.00 | $6,001.24 |
| Financial Pacific Leasing, Inc | $20,000.00 | 2004 Link Belt 240 LX Delimber | $30,000.00 | $0.00 | $20,000.00 | 7.50% | $401.00 | $24,042.47 |
| Kubota Credit Corporation | $2,000.00 | 2022 Kubota SA35 | $1,500.00 | $0.00 | $1,500.00 | 7.50% | $31.00 | $1,791.89 |
| Kubota Credit Corporation | $135,000.00 | 2024 Kubota KX-080-5 | $140,000.00 | $0.00 | $135,000.00 | 7.50% | $2,706.00 | $162,296.43 |
| Kubota Credit Corporation | $70,000.00 | 2024 Kubota U55-5 | $65,000.00 | $0.00 | $65,000.00 | 7.50% | $1,303.00 | $78,141.33 |
| Mountain America Credit Union | $11,000.00 | 2008 GMC C7500 | $40,000.00 | $0.00 | $11,000.00 | 8.50% | $226.00 | $13,536.37 |
| PEAC Solutions | $2,000.00 | 2017 Multiquip LT6K Light Tower | $1,500.00 | $0.00 | $1,500.00 | 7.50% | $31.00 | $1,791.89 |
| PEAC Solutions | $2,000.00 | 2016 Magnum MLT-6SK Light Tower | $1,500.00 | $0.00 | $1,500.00 | 7.50% | $31.00 | $1,791.89 |
| U.S. Bank | $170,000.00 | 2018 Freightliner SD122 | $135,000.00 | $0.00 | $135,000.00 | 7.50% | $2,706.00 | $162,296.43 |
| Umpqua Bank | $3,000.00 | 2011 Bandit 90XP | $15,000.00 | $0.00 | $3,000.00 | 7.50% | $61.00 | $3,595.76 |
| Umpqua Bank | $14,000.00 | 2021 Bandit SG-40 | $10,000.00 | $0.00 | $10,000.00 | 7.50% | $201.00 | $12,014.96 |

*Insert additional claims as needed.*

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by

| Debtor | Christopher James Ivester | | Case number | 25-20424 |
|---|---|---|---|---|

the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Amur | 2024 Cooksawmill AC36 | $110,000.00 | 7.50% | $2,205.00<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $132,240.14 |
| First Citizens | 2023 Ram 2500 | $62,767.67 | 7.50% | $1,258.00<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $75,460.78 |
| Harley Davidson Financial | 2024 Harely Davidson Roadglide | $36,868.00 | 7.50% | $739.00<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $44,322.53 |
| Harley Davidson Financial | 2024 Harley Davidson Road Glide | $23,758.00 | 7.50% | $477.00<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $28,551.93 |
| PEAC Solutions | 2006 Caterpillar D5N | $55,116.98 | 7.50% | $1,105.00<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $66,258.74 |

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4:    Treatment of Fees and Priority Claims**

**4.1    General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be <u>10.00</u>% of plan payments; and during the plan term, they are estimated to total $<u>156,000.00</u>.

**4.3    Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $<u>4,634.00</u>.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐    **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑    The debtor(s) estimate the total amount of other priority claims to be $<u>1,880.00</u>

| Debtor | Christopher James Ivester | Case number | 25-20424 |
|---|---|---|---|

**4.5**    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

     *Check one.*
     ☑    **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

**Part 5:**    **Treatment of Nonpriority Unsecured Claims**

**5.1**    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑    The sum of $    47,734.00    .
☐    _____% of the total amount of these claims, an estimated payment of $_____.
☐    The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ 47,734.00 . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

     ☑    **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one*.

     ☑    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

---

**Part 6:**    **Executory Contracts and Unexpired Leases**

**6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

     ☑    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

---

**Part 7:**    **Vesting of Property of the Estate**

**7.1**    **Property of the estate will vest in the debtor(s) upon**
*Check the applicable box:*
☑    plan confirmation.
☐    entry of discharge.
☐    other: _____

---

**Part 8:**    **Nonstandard Plan Provisions**

**8.1**    **Check "None" or List Nonstandard Plan Provisions**
     ☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***
1. Applicable Commitment Period.  The applicable commitment period for the Plan is **36** months.  The number of months listed in Part 2.1 for which the debtor will make regular payments is an estimate only; the applicable commitment period stated here dictates the term of the Plan.  Any below median cases may be extended as necessary not to exceed 60 months to complete the Plan payments.

2. The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.

---

| Debtor | Christopher James Ivester | Case number | 25-20424 |
|---|---|---|---|

3. Adequate Protection Payments.  If the debtor seeks to pay Adequate Protection Payments to holders of secured claims the requirements of Local Rule 2083-1(d) apply.  The creditors listed below will receive Adequate Protection Payments and should refer to the "Notice for Adequate Protection Payments" for details:

    **Allegiant Partners, Inc ~ Plan Section 3.2**
    **Allegiant Partners, Inc ~ Plan Section 3.2**
    **Allegiant Partners, Inc ~ Plan Section 3.2**
    **Allegiant Partners, Inc ~ Plan Section 3.2**
    **Allegiant Partners, Inc ~ Plan Section 3.2**
    **American United Federal Credit Union ~ Plan Section 3.2**
    **Blue Bridge Financial ~ Plan Section 3.2**
    **Blue Bridge Financial ~ Plan Section 3.2**
    **Blue Bridge Financial ~ Plan Section 3.2**
    **Financial Pacific Leasing, Inc ~ Plan Section 3.2**
    **Financial Pacific Leasing, Inc ~ Plan Section 3.2**
    **Financial Pacific Leasing, Inc ~ Plan Section 3.2**
    **Kubota Credit Corporation ~ Plan Section 3.2**
    **Kubota Credit Corporation ~ Plan Section 3.2**
    **Kubota Credit Corporation ~ Plan Section 3.2**
    **Mountain America Credit Union ~ Plan Section 3.2**
    **PEAC Solutions ~ Plan Section 3.2**
    **PEAC Solutions ~ Plan Section 3.2**
    **U.S. Bank ~ Plan Section 3.2**
    **Umpqua Bank ~ Plan Section 3.2**
    **Umpqua Bank ~ Plan Section 3.2**
    **Amur ~ Plan Section 3.3**
    **First Citizens ~ Plan Section 3.3**
    **Harley Davidson Financial ~ Plan Section 3.3**
    **Harley Davidson Financial ~ Plan Section 3.3**
    **PEAC Solutions ~ Plan Section 3.3**

4. Pursuant to LR 2083-2(i)(4)  If the debtor elects to pay directly a claim listed in Part 3.3 of the Plan, the following conditions apply: (A) the Debtor will pay the claim without any modifications to the terms of the contract; (B) upon entry of the Order Confirming the Plan, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such collateral and claims;  (C) the claim will not be discharged; and (D) neither the Court nor the Trustee will monitor the Debtor(s) performance on direct payments to such creditor.

---

**Part 9:**   **Signature(s):**

**9.1**   **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

| X | /s/ Christopher James Ivester | X | |
|---|---|---|---|
| | Christopher James Ivester | | Signature of Debtor 2 |
| | Signature of Debtor 1 | | |
| | Executed on   February 11, 2025 | | Executed on |
| X | /s/ Justin O. Burton | Date | February 11, 2025 |
| | Justin O. Burton 6506 | | |
| | Signature of Attorney for Debtor(s) | | |

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor    Christopher James Ivester      Case number    25-20424

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $1,002,917.19 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $346,834.12 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $162,514.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $47,734.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*    + | $0.00 |
| | **Total of lines a through j** | $1,559,999.31 |

Justin O. Burton (6506)
Scott T. Blotter (6185)
**RULON T. BURTON & ASSOCIATES**
Attorney for Debtors(s)
448 East Winchester Street, Suite 175
Murray, Utah 84107
(801) 288-0202

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| In Re: | Case No. 25-20424 |
|---|---|
| Christopher James Ivester<br>ssn xxx-xx-0038 | Chapter 13 |
| | Hon. Kevin R. Anderson |
| Debtor(s) | |

## NOTICE OF ADEQUATE PROTECTION PAYMENTS
## UNDER 11 U.S.C. § 1326(a) AND OPPORTUNITY TO OBJECT

The Debtor states as follows:

1. On January 28, 2025, the Debtor(s) filed a Chapter 13 petition for relief.

2. The Debtor proposes to make Adequate Protection Payments, pursuant to § 1326(a)(1)(C) accruing with the initial plan payment which is due no later than the originally scheduled meeting of creditors under § 341 and continuing to accrue on the first day of each month thereafter, to the holders of the allowed secured claims in the amounts specified below:

| Secured Creditor | Description of Collateral | Monthly Adequate Protection Payment Amount | Number of Months to Pay Adequate Protection |
|---|---|---|---|
| Alegiant Partners, Inc | 2024 Dyna SC16 Rapid Split | $ 800.00 | 6 |
| Alegiant Partners, Inc | 2018 Dodge Ram 2500 | $ 200.00 | 6 |
| Alegiant Partners, Inc | 2021 Dodge Ram 4500 | $ 450.00 | 6 |
| Alegiant Partners, Inc | 2022 Dodge Ram 5500 | $ 600.00 | 6 |
| Alegiant Partners, Inc | 2022 Bobcat L85 | $ 500.00 | 6 |
| American United Federal Credit Union | 2021 Jeep Gran Cherokee | $ 105.00 | 6 |
| Blue Ridge Financial | 2012 John Deere 2154D | $ 550.00 | 6 |
| Blue Ridge Financial | 2005 Timbco 445 EXL | $ 700.00 | 6 |
| Blue Ridge Financial | 2007 John Deere 748GIII | $ 400.00 | 6 |
| Pacific Financial Leasing, Inc | 1991 Hitachi 270LC Log Loader | $ 150.00 | 6 |
| Pacific Financial Leasing, Inc | 1976 Prentice 600B | $ 50.00 | 6 |
| Pacific Financial Leasing, Inc | 2004 Link Belt 240 LX Delimber | $ 200.00 | 6 |
| Kubota Credit Corporation | 2022 Kubota SA35 | $ 15.00 | 6 |
| Kubota Credit Corporation | 2024 Kubota KX-080-5 | $1,350.00 | 6 |
| Kubota Credit Corporation | 2024 Kubota U55-5 | $ 650.00 | 6 |
| Mountain America Credit Union | 2008 GMC C7500 | $ 110.00 | 6 |

| PEAC Solutions | 2017 Multiquip LT6K Light Tower | $ 15.00 | 6 |
| --- | --- | --- | --- |
| PEAC Solutions | 2016 Magnum MLT-6SK Light Tower | $ 15.00 | 6 |
| U.S. Bank | 2018 Freightliner SD122 | $1,350.00 | 6 |
| Umpqua Bank | 2011 Bandit 90XP | $ 30.00 | 6 |
| Umpqua Bank | 2021 Bandit SG-40 | $ 100.00 | 6 |
| Amur | 2024 Cooksawmill AC36 | $ 800.00 | 6 |
| First Citizens | 2023 Dodge Ram 2500 | $ 550.00 | 6 |
| Harley Davidson Financial | 2024 Harley Davidson Roadglide | $ 320.00 | 6 |
| Harley Davidson Financial | 2024 Harley Davidson Roadglide | $ 250.00 | 6 |
| PEAC Solutions | 2006 Caterpillar D5N | $ 550.00 | 6 |

3. The monthly plan payments proposed by the Debtor(s) shall include the amount necessary to pay all Adequate Protection Payments and the amount necessary to pay the Trustee's statutory fee.

4. Upon completion of the Adequate Protection Payment period designated herein for each listed secured creditor, the Equal Monthly Plan Payment identified in each Part of the Plan shall be the monthly payment and shall accrue on the first day of each month.

5. This Notice shall govern Adequate Protection Payments to each listed secured creditor unless subsequent Notice is filed by Debtor or otherwise ordered by the Court.

6. Objections, if any, to the proposed Adequate Protection Payments shall be filed as

objections to confirmation of the Plan.  Objections must be filed and served no later than 7 days before the date set for the hearing on confirmation of the Plan.

Dated: February 11, 2025

/S/
Justin O. Burton, of and for,
Rulon T. Burton & Associates

## CERTIFICATE OF SERVICE BY ELECTRONIC NOTICE (CM/ECF)

I hereby certify that on February 11, 2025, I electronically filed the foregoing **CHAPTER 13 PLAN and NOTICE OF ADEQUATE PROTECTION PAYMENTS UNDER 11 U.S.C. § 1326(a) AND OPPORTUNITY TO OBJECT** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users.

Lon A. Jenkins, Chapter 13 Trustee, via ECF

## CERTIFICATE OF SERVICE BY MAIL OR OTHER MEANS

I hereby certify that on February 11, 2025, I caused to be served a true an correct copy of the foregoing **CHAPTER 13 PLAN and NOTICE OF ADEQUATE PROTECTION PAYMENTS UNDER 11 U.S.C. § 1326(a) AND OPPORTUNITY TO OBJECT** as follows:

**[X] Mail Service to All Parties in Interest: First-class U.S. mail, postage pre-paid addressed to all parties who did not receive electronic service as set forth herein listed on the Official Court Mailing Matrix dated February 11, 2025 attached hereto.**

/S/
Mailing Clerk

```
Label Matrix for local noticing          Affirm, Inc                              Allegiant Partners, Inc
1088-2                                   Attn: Bankruptcy                         1550 Parkside Drive, Ste 240
Case 25-20424                            650 California Street, Fl 12             Walnut Creek, CA 94596-3535
District of Utah                         San Francisco, CA 94108-2716
Salt Lake City
Tue Feb 11 12:30:09 MST 2025

Amanda Hager                             (p)AMERICAN UNITED FEDERAL CREDIT UNION  Amur
768 W Regatta Lane                       ATTN COLLECTIONS DEPARTMENT              27401 Los Altos Suite 310
Tooele, UT 84074-4909                    2687 W 7800 S                            Mission Viejo, CA 92691-6316
                                         WEST JORDAN UT 84088-4217


Blue Bridge Financial                    Bonnie Peterson                          Justin O. Burton
11921 Freedom Dr Suite 1130              PO Box 890                               Rulon T. Burton & Assoc.
Reston, VA 20190-6225                    Duchesne, UT 84021-0890                  448 E Winchester St Suite 175
                                                                                  Murray, UT 84107-8503


Carquest Auto Parts                      Kenyon D. Dove                           Explore/Comenity Bank
25 East Hwy 40                           Smith Knowles, P.C.                      Bankruptcy Department
Roosevelt, UT 84066-3252                 2225 Washington Boulevard                PO Box 182125
                                         Suite 200                                Columbus, OH 43218-2125
                                         Ogden, UT 84401-6887


Financial Pacific Leasing, Inc           First Citizens Bank                      First Citizens Bank and Trust Co.
3455 South 344th Way, Ste 300            PO Box 27131                             c/o Weltman, Weinberg & Reis Co LPA
Auburn, WA 98001-9546                    Raleigh, NC 27611-7131                   5990 West Creek Rd. Ste 200
                                                                                  Independence, OH 44131-2191


(p)FIRST CITIZENS BANK AND TRUST COMPANY Harley Davidson Financial                Christopher James Ivester
10201 CENTURION PARKWAY N STE 100        Attn: Bankruptcy                         HC 65 Box 215
JACKSONVILLE FL 32256-4114               PO Box 22048                             Duchesne, UT 84021-9601
                                         Carson City, NV 89721-2048


Lon Jenkins tr                           Kubota Credit Corporation                Mountain America Credit Union
Ch. 13 Trustee's Office                  1025 Northbrook Parkway                  Attn: Asset Management / Bankruptcy
465 South 400 East                       Suwanee, GA 30024-2967                   PO Box 2331
Suite 200                                                                         Sandy, UT 84091-2331
Salt Lake City, UT 84111-3345

Office of Recovery Services              PEAC Solutions                           Progressive Insurance
PO Box 45033                             300 Fellowship Road                      PO Box 43258
SLC, UT 84145-0033                       Mount Laurel, NJ 08054-1201              Richmond Heig, OH 44143-0258


Rhinehart Oil                            (p)US BANK                               Umpqua Bank
4475 California Ave                      PO BOX 5229                              10757 S River Front Pkwy #275
Salt Lake City, UT 84104-4493            CINCINNATI OH 45201-5229                 South Jordan, UT 84095-3548


United States Trustee                    Utah Housing Corporation                 Utah Housing Corporation
Washington Federal Bank Bldg.            Bankruptcy Department                    2479 South Lake Park Blvd
405 South Main Street                    2479 South Lake Park Blvd.               Salt Lake City, UT 84120-8217
Suite 300                                West Valley City, UT 84120-8217
Salt Lake City, UT 84111-3402
```

```
Utah State Tax Commission            Aaron M. Waite                          (p)ZIONS BANCORPORATION
Attn Bankruptcy Unit                 Office of Utah Attorney General         P O BOX 30709 UT ZB11 0877
210 North 1950 West                  160 E 300 S, Fifth Floor                SALT LAKE CITY UT 84130-0709
Salt Lake City, UT 84134-9000        Salt Lake City, UT 84114
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
American United Federal Credit Union   First Citizens Bank and Trust Company   U.S. Bank
PO Box 1030                            10201 Centurion Parkway N.              PO Box 5229
West Jordan, UT 84084                  Jacksonville FL 32256                   Cincinnati, OH 45201-5229


Zions First National Bank
Bankruptcy 232-K5
PO Box 30709
Salt Lake City, UT 84130-0709
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Utah Housing Corporation            End of Label Matrix
Bankruptcy Department                  Mailable recipients    32
2479 South Lake Park Blvd.             Bypassed recipients     1
West Valley City, UT 84120-8217        Total                  33
```