Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Fax: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE:<br>Christopher James Ivester<br><br><br>Debtor | CASE NO: 25-20424<br><br>Chapter 13<br><br>Hon. KEVIN R. ANDERSON |

### TRUSTEE'S MOTION TO DISMISS AND NOTICE OF FAILURE TO COMPLY
Objection deadline: April 07, 2025 - if no objection is filed, the case may be dismissed without further notice or hearing upon deadline expiration

Unless the Court orders otherwise, objection on the motion to dismiss to be heard at confirmation hearing
April 15, 2025   2:00 pm

The Standing Chapter 13 Trustee in this case, hereby moves this Court for an entry of an Order dismissing the bankruptcy case under 11 U.S.C. § 1307(c)(1) unreasonable delay by the Debtor that is prejudicial to creditors; and (5) denial of confirmation of a plan under § 1325 and Local Rule 2083-1(g)(3)-(4).  In support thereof, the Trustee represents as follows:

1.  As of the date of this response, the Debtor is current on plan payments.

2.  The Debtors filed their chapter 13 case on January 28, 2025.

3.  The Trustee has not recommended confirmation of the proposed chapter 13 plan due to Failure to provide required 341 documents: property tax assessment, 2024 tax returns (complete both personal and business), bank statements (business case December - February all accounts).  Two other motions to dismiss are pending: failure to provide the business documents and failure to make the initial plan payment.  The 341 meeting was not conducted due to the Debtor's failure to timely provide the business documents to allow examination.  .

4.  On or before April 07, 2025 you must file with the bankruptcy court a written objection to this motion or the case may dismissed without further notice or hearing upon the deadline expiration.  Further, you must be present at the confirmation hearing scheduled for April 15, 2025   2:00 pm to prosecute the objection or the case may be dismissed at that time.

5.  The Trustee will not withdraw the Motion to Dismiss unless the deficiencies in the prior paragraph are resolved.

6.  If the objection to the Motion to Dismiss is sustained, the Debtor shall file an order indicating as such and the case cannot be confirmed until the order on the motion to dismiss is filed.  If objection to the Motion to Dismiss is overruled, the Trustee's office shall prepare an order dismissing the case.

Therefore, based on the foregoing, the Trustee moves the Court for the entry of an order dismissing the case under 11 U.S.C. § 1307.  If a written objection is not filed by April 07, 2025, the clerk must enter an order dismissing the case.  Unless the Court orders otherwise, any objection to the Trustee's Motion to Dismiss will be heard at the confirmation hearing set for April 15, 2025   2:00 pm.


Dated: 3/12/2025                                      /s/ Tami Gadd
                                                     _____
                                                     Attorney for Chapter 13 Trustee


CERTIFICATE OF MAILING

The undersigned hereby certifies that true and correct copy of the foregoing Trustee's Motion to Dismiss was served upon all persons entitled to receive notice in this case via ECF notification or by U.S. Mail to the following parties on March 12, 2025:

Christopher James Ivester, HC 65 Box 215, Duchesne, UT  84021

JUSTIN O. BURTON, ECF Notification

WELTMAN, WEINBERG & REIS CO. LPA, GARRY MASTERSON, 5990 W CREEK RD STE 200, INDEPENDENCE, OH  44131

39

/S/ Tami Gadd